## Lindley v. Kowalske

*Joseph J. Huss*, for petitioners.
*James M. Rayback*, for respondents.

BROWN, Jr., *P.J.*, June 10, 1983—

## FACTUAL BACKGROUND

Petitioners John V. Lindley and Alverta L. Lindley, his wife, filed a petition for visitation and stay for adoption proceedings on April 5, 1983. Also, on that date, this court signed an order scheduling the hearing on the matter of visitation and stayed the adoption proceedings pending the outcome of the request for visitation.

At the time set for said hearing—May 2, 1983— respondents Daniel O. Kowalske and Cathy J. Kowalske, his wife, raised the question of whether or not petitioners were entitled to seek visitation. The visitation hearing was continued pending determination of this issue by the court.

Petitioners are the natural maternal grandparents of the subject of this dispute, K.R.S. The parental rights of K.'s natural parents were voluntarily terminated by said parents. K. was placed for adoption with respondents by Centre County Children and Youth Services. Centre County Children and Youth Services was awarded custody of K. following the termination of parental rights. Custody was awarded to respondents by this court following a hearing held on a petition filed by petitioners. Petitioners now seek visitation.

## DISCUSSION

The Custody and Grandparents Visitation Act, 23 Pa.C.S.A. §1001 et seq., empowers the court to

grant reasonable visitation rights to the grandparents in three situations:

1. When a parent is deceased (Section 1012).

2. When parents' marriage is dissolved (Section 1013).

3. When the child has resided with the grandparents for a period of 12 months or more (Section 1014).

None of the above provisions are applicable here. Accordingly, even assuming that petitioners have retained their status as grandparents despite the termination of parental rights, petitioners are not entitled to visitations under the Custody and Grandparents Visitation Act.

Petitioners argue that the situations listed in the statute were not intended to be exclusive and the court does have the power to award visitations to grandparents in situations outside the delineated categories under the common law. We do not agree.

Prior to enactment of the Custody and Grandparents Visitation Act, visitation was awarded to grandparents whenever it was determined that the same would be in the child's best interest and would not interfere with the parent/child relationship. Cases decided under this general standard in which grandparents were awarded visitations can be placed into one of the three categories set forth in the statute. We believe that by categorizing all the cases which had allowed grandparents visitations into statutory provisions, the legislature intended to abolish the common-law right to visitation by grandparents, and to limit it to those situations specifically enumerated. See 1 Pa.C.S.A. § 1504; School District of Borough of West Homestead v. Allegheny County Board of School Directors, 440 Pa. 113, 269 A. 2d 904 (1970).

## ORDER

And now, June 10, 1983, it is hereby ordered and decreed that the petition for visitation and stay for adoption proceedings filed by John V. Lindley and Alverta L. Lindley, his wife, is dismissed.